UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLAYTIKA LTD an Israeli limited company, PLAYTIKA HOLDING CORP., a Delaware corporation, and CAESARS INTERACTIVE ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Defendants. | NO. 3:18-cv-05277-RBL<br><br>DECLARATION OF HAGIT BLAIBERG IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS PLAYTIKA LTD AND PLAYTIKA HOLDING CORP. OR, IN THE ALTERNATIVE, TO STRIKE CERTAIN ALLEGATIONS FROM THE COMPLAINT |

Hagit Blaiberg, Advocate, pursuant to 28 U.S.C. § 1746, hereby declares and states as follows:

1. I submit this Declaration in connection with the Motion to Dismiss or Strike filed by defendants Playtika Ltd. and Playtika Holding Corp. (collectively, "Defendants").

2. I currently am a partner of the Goldfarb Seligman Law Office, located in Tel Aviv, Israel, where I serve as Head of the Corporate, Administrative and Class Action Litigation Department, and as a member of the firm's Executive Committee. Goldfarb Seligman was founded over 80 years ago and is one of Israel's largest law firms. The firm includes over 220 fully qualified attorneys and provides a wide array of legal services for clients on a variety of matters. Defendant Playtika Ltd. is a client of the firm, although (other than in the context of this Declaration) not in connection with this matter.

3. A substantial part of my practice focuses on civil and commercial litigation, including class litigation. I have practiced law in Israel for almost 25 years, obtained my L.L.B.

degree from Tel Aviv University in 1993, and joined the Israeli bar in 1994, where I remain in good standing and active.

4. I have reviewed plaintiff's Complaint in this case ("Complaint") and the terms and conditions for players seeking to play the various games at issue therein (the "Agreement").

5. I understand that the Governing Law & Venue for Disputes section of the Agreement states that the Agreement is to be governed by and construed in accordance with the laws of the State of Israel  In addition, I understand that the section also provides that the parties agree to submit to the exclusive jurisdiction of the courts of Tel Aviv - Jaffa, Israel for settlement of any dispute arising out of or concerning the Agreement and its enforceability.

6. I understand that the Complaint seeks to initiate a lawsuit against Defendants in the United States District Court for the Western District of Washington asserting claims: (1) under Revised Code of Washington § 4.24.070, Washington's gambling loss recovery statute, which I understand allows plaintiffs to recover unlawful gambling losses;, (2) under the Washington Consumer Protection Act, § Revised Code of Washington § 19.86.010 *et seq.* which I understand allows plaintiffs to recover from injury caused by unfair or deceptive acts or practices; and (3) for unjust enrichment.

7. I understand that Defendants take the position that any claims arising from plaintiff's use of the identified games should be heard in an Israeli court, applying Israeli law in accordance with the Agreement.

8. I have been asked to offer some observations on Israeli law and my opinion as to whether Israeli law recognizes the claims asserted in the Complaint and provides grounds for redress.

9. Under Israeli law, a person is able to seek recovery of money lost at unlawful gambling. The Penal Law, 5737-1977, Articles 224 – 235; The Torts Ordinance [New Version]. A plaintiff who proves that she or he lost money or anything of value in an illegal gambling game would be entitled to recover damages in a civil action in an Israeli court.

10. Similarly, a consumer who claims that he or she had been subject to some form of misrepresentation or deceptive business practice in connection with a business transaction can obtain redress in Israel under common law which has long recognized causes of action for unfair or deceptive acts or practices in the conduct of a trade or commerce. Section 15 of the Contracts Law, 5733-1973,; Sections 56 and 58 of the Torts Ordinance.

11. In addition, unjust enrichment claims are well-recognized in Israeli law. A plaintiff who proves that a defendant has been unjustly enriched in a civil action in an Israeli court would be entitled to argue for the remedy of restitution. The Unjust Enrichment Law, 5739-1979.

12. Class actions are used widely in litigation in Israel as permitted by the Class Action Law. Class Action Law, 5766-2006. The general procedure is that the plaintiff submits his or her own individual claim, which must be based on an individual cause of action, together with an application for judicial approval of the personal claim as a class action. In the application, the plaintiff requests approval to serve as a representative plaintiff, acting on behalf of the entire group. Class claims can include the types of claims asserted here by the plaintiff.

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on June 27, 2018, in Tel Aviv, Israel.

*Hagit Blaiberg*

Hagit Blaiberg, Adv.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 2nd day of July, 2018.

                                                    s/ *Erica Knerr*
                                                    Erica Knerr

DECLARATION OF HAGIT BLAIBERG IN SUPPORT
OF DEFS' MOTION TO DISMISS.
(NO. 3:18-cv-05277-RBL) – 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224