THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PLAYTIKA LTD an Israeli limited company, PLAYTIKA HOLDING CORP., a Delaware corporation, and CAESARS INTERACTIVE ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>　　　　　　Defendant. | NO. 3:18-cv-05277-RBL<br><br>DEFENDANT PLAYTIKA, LTD.'S REPLY IN SUPPORT OF MOTION TO CERTIFY ISSUES TO THE WASHINGTON SUPREME COURT<br><br>MOTION NOTED: APRIL 10, 2020 |

PLAYTIKA, LTD'S REPLY IN
SUPPORT OF MOTION TO CERTIFY
Case No. 3:18-cv-05277-RBL

## I. INTRODUCTION

In a case about Washington law that the Washington courts have not conclusively resolved, Playtika asks that Washington be asked what its laws mean. There is no need to speculate when there is a procedure to seek a conclusive and binding answer from the Washington Supreme Court. The Ninth Circuit's interpretation of Washington's laws is not limited to social casino-themed games. A wide range of games, including role-playing and massive multiplayer online role-playing games (such as God of War, World of Warcraft and others), involve elements of chance. As a result, the issues raised in this case create uncertainties across the mobile and online gaming sector. Certifying the issues requested would erase all doubts about the proper interpretation of Washington law, bind all parties, and streamline litigation going forward. In opposition, Wilson does not dispute that he raises a question of Washington law or that the Washington Supreme Court's view would be binding; nor does he dispute that the answer to the question (if Playtika is correct) would be dipositive of his claims.

Playtika acknowledges that this Court has denied PTT's ("High 5") motion to certify these state-law issues in High 5's related case. Playtika acknowledges that its case is in a similar procedural posture to High 5's. Playtika has read the Court's Order in that case and tailors its response here (a) to address a few additional issues it asks the Court to consider in light of that order, and (b) to respond to the arguments raised in opposition.

## II. ARGUMENT

### A. Playtika Properly Incorporated the Briefing in *Wilson v. PTT*

Contrary to Wilson's argument, Playtika did not incorporate the briefing in *Wilson v. PTT* to skirt briefing page limitations. (Opposition at 2.) Playtika's decision to incorporate—rather than restate—High 5's briefing was driven by respect for the Court's time, in an effort to spare it the need to re-read substantially the same argument in slightly different words. Playtika's motion itself is but four and a half pages long and largely a succinct recitation of High 5's

PLAYTIKA, LTD'S REPLY IN
SUPPORT OF MOTION TO CERTIFY
Case No. 3:18-cv-05277-RBL - 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

arguments and their applicability to Playtika's case. Unlike two of the cases cited by Wilson, here Playtika has not incorporated its **own** briefing but instead sought to save the Court time by incorporating a motion with similar core issues. *See Picu v. Bot*, No. C14-0330RSL, 2015 WL 11142691, at *1 n.1 (W.D. Wash. Dec. 14, 2015) (criticizing plaintiff for incorporating its previous briefing by reference, "effectively presenting an unauthorized thirty-page response brief"); *Heggem v. Snohomish Ct. Corr.*, No. C11-1333 RSM, 2018 WL 6523019, at *1 (W.D. Wash. Dec. 12, 2018) (motion for summary judgment that "simply incorporate[d] a prior [m]otion [for summary judgment], filed three years previously, which was previously denied on both procedural and substantive grounds"). Finally, in the third case Wilson invokes, the trial court critiqued a defendant's choice to incorporate a co-defendant's motion to dismiss in its own motion as "unhelpful" and confusing, but the court ultimately considered the materials incorporated by reference. *Forest Glade Homeowners Ass'n v. Allied Mut. Ins. Co.*, No. C07-1762JLR, 2009 WL 927750, at *1 n.1 (W.D. Wash. Mar. 31, 2009).

Playtika's motion is procedurally proper.[1]

### B. Playtika's Motion Is Not Time Barred and Serves Judicial Economy

Wilson also contends that Playtika is "far too late" in seeking certification at this point, after having filed and received a ruling on its motion to dismiss. (Opposition at 2.) This Court agreed with Wilson's argument in *PTT*, but Playtika respectfully requests that the Court consider these additional points in response.

As noted in Playtika's initial motion, the Ninth Circuit has certified questions for state court consideration in a variety of procedural postures, including cases further along than this one. This includes certification to state high courts following appellate rulings on summary judgment. *See Sullivan v. Oracle Corp.*, 557 F.3d 979, 983 (9th Cir. 2009), *certified question answered*, 51 Cal. 4th 1191 (2011). In *Sullivan*, the Ninth Circuit detailed its rationale for asking

---

[1] Wilson has requested that the Court consider his response to High 5's brief. (Opposition at 1.) Playtika does not oppose this request.

PLAYTIKA, LTD'S REPLY IN
SUPPORT OF MOTION TO CERTIFY
Case No. 3:18-cv-05277-RBL - 2

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

the California Supreme Court for guidance: "[t]he answer to the questions will have considerable practical importance" on California-based employers and potentially the California labor market. *Id*. at 983-84; *see also Brady v. Autozone*, No. 2:13-cv-01862-RAJ, 2016 WL 7733094, at *1-3 (W.D. Wash. Sept. 6, 2016), *certified question answered*, 188 Wn.2d 576 (2017) (certifying question after Ninth Circuit denied review of order denying motion for class certification). "[W]here state law is unsettled, and the answers to the Court's questions are dispositive of the issues, certification to the state supreme court is appropriate." *Id*. at *1. Wilson's assertion that it is "far too late" for Playtika to have issues certified is simply wrong.

As *Sullivan* and *Brady* demonstrate, a case with a significantly developed procedural posture can be certified where appropriate. Here, it is. The question of whether the award of virtual items that have no monetary value in themselves and simply serve to provide further entertainment, when that entertainment is available for free even without that award, is fundamental to the mobile and online "freemium" game economy. Games of **all types** utilize this mechanism, and, contrary to the Court's understanding as set forth in its ruling on High 5's motion, (*Wilson v. PTT, LLC*, 3:18-cv-05275, Dkt. No. 134 at 4 (W.D. Wash. Apr. 6, 2020)) ("High 5 Order"), many non-casino-themed games utilize chance in a way that would be implicated by resolution of these questions. The issues on which Playtika seeks certification are fundamental to Washington's regulation of gaming – a quintessentially state function. *See, e.g., Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 1484-85 (2018) ("The legalization of sports gambling requires an important policy choice, but the choice is not ours to make. Congress can regulate sports gambling directly, but if it elects not to do so, each State is free to act on its own.").

Wilson calls the motion to certify "time-wasting and unfair" (*see* Opposition at 3), but **Wilson**—not Playtika—chose to use a federal forum to adjudicate novel Washington gambling law issues. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108-09 (9th Cir. 2013) (in dicta,

PLAYTIKA, LTD'S REPLY IN
SUPPORT OF MOTION TO CERTIFY
Case No. 3:18-cv-05277-RBL - 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

criticizing party who moved for certification after removing the case to federal court).  And Playtika filed its motion to dismiss on several grounds, including a forum-selection provision that, had it been granted, would have removed this case from this forum.  Indeed, had Playtika submitted that motion and **declined** to raise the state-law issues, Wilson might have argued that those issues had been waived and could not be contested until summary judgment or a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h).  Playtika should not be faulted for having acted to preserve its rights as part of a multi-faceted motion to dismiss.  This is far different from Playtika being "allowed a second chance at victory through certification." (High 5 Order at 3 (citing *Hinojos*, 718 F.3d at 1109).)  Additionally, Playtika is not attempting to avoid a final judgment through its certification motion.  *See Thompson v. Paul*, 547 F.3d 1055, 1064-65 (9th Cir. 2008) (denying a party's motion for certification following the dismissal of all of her claims).

Now, before engaging in lengthy merits discovery and motions practice, Playtika asks the Court to consider the very significant implications of these state-law issues to the mobile and online gaming sector writ large and to Washington's interests in regulating gaming activity, and certify those questions to the Washington Supreme Court.

### C. Consideration of the *Murray* Factors Favors Certification

The Ninth Circuit considers four factors when deciding to certify issues: "(1) whether the question presents 'important public policy ramifications' yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) 'the spirit of comity and federalism.'" *Murray v. BEJ Minerals, LLC*, 924 F.3d 1070, 1072 (9th Cir. 2019), *certified question accepted*, No. OP 19-0304, 2019 WL 2383604 (Mont. June 4, 2019) (citing *Kremen v. Cohen*, 325 F.3d 1035, 1037-38 (9th Cir. 2003)).  The High 5 Order discusses the fourth factor, noting the "regulation of gambling is a state function and the highest state court should be the one to decide whether a new category of games meets the definition of

PLAYTIKA, LTD'S REPLY IN
SUPPORT OF MOTION TO CERTIFY
Case No. 3:18-cv-05277-RBL - 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

illegal gambling." *Id*. at 3-4.  Playtika urges the Court to provide equal consideration to the other factors as well.

       To the first factor, as discussed in the previous section, important public policy ramifications are present.  An overly broad interpretation of Washington gambling law could effectively wall off Washington consumers from a variety of games that would be enjoyed by others throughout the country.  To the second factor, the issues at hand are new and substantial, involving the application of pre-digital laws to the post-digital world.  And, again, bringing social and online gaming under the ambit of Washington gambling law has the potential for broad application.  Finally, to the third factor, High 5 pointed out that Washington Supreme Court "filings are down overall and that federal courts had certified only five cases." *Wilson v. PTT, LLC*, 3:18-cv-05275, Dkt. No. 103 at 10 (W.D. Wash. Mar. 2, 2020).  In conjunction with the federalism issues recognized by the Court, the *Murray* factors present ample cause to grant certification.

///

///

///

PLAYTIKA, LTD'S REPLY IN
SUPPORT OF MOTION TO CERTIFY
Case No. 3:18-cv-05277-RBL - 5

## III. CONCLUSION

For the foregoing reasons, Playtika respectfully requests that the Court certify the issues set forth in its initial motion to the Washington Supreme Court.

DATED this 10th day of April, 2020.

        CALFO EAKES & OSTROVSKY LLP

By:    *s/ Emily Dodds Powell*
      Angelo J. Calfo, WSBA #27079
      Emily Dodds Powell, WSBA #49351
      1301 Second Avenue, Suite 2800
      Seattle, WA  98101
      Phone:  (206) 407-2200
      Fax:  (206) 407-2224
      Email:   angeloc@calfoeakes.com
              emilyp@calfoeakes.com


PAUL HASTINGS LLP

      Behnam Dayanim (*pro hac vice*)
      875 15th Street, NW
      Washington, DC  20005
      Phone:  (202) 551-1737
      Email:  bdayanim@paulhastings.com

      Andy LeGolvan, WSBA #53418
      4747 Executive Drive Twelfth Floor
      San Diego, CA 92121
      Phone: (858) 458-3006
      Email:  andylegolvan@paulhastings.com

*Attorneys for Defendant Playtika Ltd*

PLAYTIKA, LTD'S REPLY IN SUPPORT OF MOTION TO CERTIFY
Case No. 3:18-cv-05277-RBL - 6

LAW OFFICES
**CALFO EAKES & OSTROVSKY LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224