HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PLAYTIKA LTD an Israeli limited company, PLAYTIKA HOLDING CORP., a Delaware corporation, and CAESARS INTERACTIVE ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 3:18-cv-05277-RBL<br><br>ORDER ON DEFENDANT PLAYTIKA, LTD.'S MOTION TO CERTIFY ISSUES TO THE WASHINGTON SUPREME COURT<br><br>DKT. # 99 |

THIS MATTER is before the Court on Defendant Playtika, Ltd.'s Motion to Certify Issues to the Washington Supreme Court. Playtika's Motion is nearly identical to the Motion brought by High 5, another casino game app-producing company, in *Wilson v. PTT, LLC*, No. 3:18-CV-05275-RBL, 2020 WL 1674151 (W.D. Wash. Apr. 6, 2020). The Court denied that Motion because High 5 had already raised the issues it wanted certified to the Supreme Court in its motion to dismiss. *Id.* This earlier decision serves as a guide for deciding Playtika's Motion.

Although federal courts may decide state law issues of first impression, they also have discretion to certify such issues to the state's highest court. *Murray v. BEJ Minerals, LLC*, 924

F.3d 1070, 1071 (9th Cir. 2019). Washington law allows certification of question to the Washington Supreme Court when "the local law has not been clearly determined." RCW § 2.60.020; accord, RAP 16.16(a). But the Ninth Circuit has made clear that the certification process is not to be "lightly" invoked. *Murray*, 924 F.3d at 1072 (quoting *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003)). It requires "careful consideration" of the following factors: "(1) whether the question presents 'important public policy ramifications' yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) 'the spirit of comity and federalism.'" *Id*. at 1072 (quoting *Kremen*, 325 F.3d at 1037-38).

"There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). Courts in this circuit and elsewhere have recognized that allowing parties to exploit certification as a de facto reconsideration or appeal would turn the district court's decision into "nothing but a gamble." *Id*. (quoting *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 209–10 (8th Cir.1987)); *see also Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1255 (10th Cir. 2000); *Cantwell v. Univ. of Mass.*, 551 F.2d 879, 880 (1st Cir. 1977). In short, "[a] party should not be allowed a second chance at victory through certification." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1109 (9th Cir. 2013) (quoting *Thompson*, 547 F.3d at 1065 (internal quotation omitted)).

Like High 5, Playtika seeks to certify the following question to the Supreme Court: "does playing an online video game that is free to play, allows in-app purchases, but awards no prize other than additional playing time constitute illegal gambling under Washington law?" Dkt. # 99 at 2. Playtika further breaks the question down into the following sub-parts: "(1) Are virtual

coins 'things of value,' when players can play the game without paying for any coins, additional coins can be obtained without payment, and when the coins cannot be converted to cash, redeemed for prizes, or transferred to other users? (2) Does an in-app purchase of virtual coins constitute a 'bona fide business transaction,' a transaction expressly excluded from Washington's definition of gambling? (3) Is playing an online, casino-themed video game the type of 'illegal' activity RCW § 4.24.070 was designed to address, when the game offers no prize?" *Id*. at 2-3.

However, also like High 5, Playtika filed a Motion to Dismiss in which it raised nearly these exact same issues before this Court. *See* Dkt. # 40. Playtika sought to have Wilson's claims dismissed on the basis that its app-based games do not constitute "illegal gambling" because players do not gamble for a "thing of value," *id.* at 16, because the apps fall within the statute's "bona fide business transaction" exception, *id.* at 21, and because players do not "win" or "lose" anything, *id.* at 20-21, 22. For the same reasons as in *PTT*, 2020 WL 1674151, at *2, Playtika's arguments that the Washington Supreme Court should decide this issue of Washington law do not overcome the presumption created by the decision to litigate in federal court. The Court DENIES Playtika's Motion.

IT IS SO ORDERED.

Dated this 15th day of May, 2020.

Ronald B. Leighton
United States District Judge