**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| SEAN WILSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PLAYTIKA LTD, an Israeli limited company, and CAESARS INTERACTIVE ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>*Defendants*. | No. 18-cv-5277-RSL<br><br>**ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE INCENTIVE AWARDS** |

WHEREAS, Plaintiff has submitted authority and evidence supporting Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Awards; and

WHEREAS, the Court, having considered the Motion and being fully advised, finds that good cause exists for entry of the Order below; therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Awards.

2. The Court confirms its appointment of Jay Edelson, Rafey S. Balabanian, Todd Logan, Alexander G. Tievsky, and Brandt Silver-Korn of Edelson PC as Class Counsel.

**A.   Attorneys' Fees**

3. Class Counsel has requested the Court calculate their award using the percentage-of-the-fund method. Class Counsel requests the Court award 25% of the $38 million common fund as attorneys' fees.

4. These requested attorneys' fees, which reflect the "benchmark" fee award in common fund cases, are fair and reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002). The Court reaches this conclusion after analyzing: (1) the extent to which class counsel achieved exceptional results for the class; (2) whether the case was risky for class counsel; (3) whether counsel's performance generated benefits beyond the cash settlement fund; (4) the market rate for the particular field of law; (5) the burdens class counsel experienced while litigating the case; (6) and whether the case was handled on a contingency basis. In reaching this conclusion, the Court has also taken into account the settlements reached, and fee awards requested, in the *Kater v. Churchill Downs* and *Wilson v. Huuuge* actions.

5. Class Counsel performed exceptional work and achieved an exceptional result for the Class. Class Members stand to recover substantial portions of their Lifetime Spending Amount on Defendants' Applications.

CASE NO. 18-CV-5277-RSL - 1

EDELSON PC
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370 • Fax: 312.589.6378

6. Class Counsel further achieved exceptional non-monetary benefits for the Class. Among other things, Defendants have agreed to meaningful prospective relief for the Class, including providing addiction-related resources on the Applications and creating a robust self-exclusion policy within the Applications.

7. This litigation was extremely risky for Class Counsel. Class Counsel worked entirely on contingency, prosecuted a line of several class actions against well-funded corporations, and pursued an entirely novel legal theory: that Defendants' internet-based "social casinos" violated Washington's "Return of Money Lost at Gambling" statute (RCW 4.24.070). Class Counsel also defended the Class's interests before the Washington State Gambling Commission and the Washington State Legislature.

8. The market also supports Class Counsel's fee request. Contingency arrangements in high-stakes, high-value mass litigation typically fall in the range of 30-40%. *See* Declaration of Charles M. Silver ¶¶ 47-53. Further, the mean percentage award of attorneys' fees in class actions in the Ninth Circuit is 24.5% of the common fund, and the mean percentage award in this District is 26.98%. *See* Declaration of William B. Rubenstein ¶ 14.

9. The Court is not required to conduct a lodestar cross-check, *Farrell v. Bank of Am. Corp.*, N.A., 827 F. App'x 628, 630 (9th Cir. 2020), and declines to do so here. Given the unique circumstances presented by this litigation, in particular the significant amount of non-legal work that had to be performed to turn back industry efforts to obtain protective legislation and to prevent participation in this lawsuit, the Court concludes that a lodestar cross-check would not be a valuable tool to help assess the reasonableness of Class Counsel's fee request. *See* Declaration William B. Rubenstein ¶¶ 18-22; Declaration of Charles M. Silver ¶¶ 72-76.

10. The Court grants Class Counsel's request for a fee award of 25% of the common fund, or $9,500,000.

**B.   Costs and Expenses**

11. In addition to the fee request, Class Counsel requests reimbursement of $56,835.50 in costs and expenses.

1  12. The Court finds these costs and expenses reasonable and appropriate. *See Dennings v. Clearwire Corp.*, No. C10-1859-JLR, 2013 WL 1858797, at *10 (W.D. Wash. May 3, 2013), *aff'd* (Sept. 9, 2013). The Court consequently grants Class Counsel's motion for reimbursement of $56,835.50 in costs and expenses.

**C.     Incentive Awards**

13. Class Counsel requests an incentive award of $5,000 for Sean Wilson and an incentive award of $1,000 each for David Taylor, Cathy Burdick, and Jesse Thibert.

14. The requested incentive awards are fair and reasonable. Wilson invested substantial time in this case, risked reputational harm, and otherwise made significant contributions to the Class. A $5,000 incentive award is reasonable for his services. *See McClintic v. Lithia Motors, Inc.*, No. C11-859RAJ, 2011 WL 13127844, at *6 (W.D. Wash. Oct. 19, 2011). Taylor, Burdick, and Thibert reviewed the terms of the settlement and stepped forward to share their approval of the settlement with the public. A $1,000 incentive award for each is reasonable for their services. *See In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, No. 11-md-02295, 2017 WL 10777695, at *3 (S.D. Cal. Jan. 25, 2017) (incentive award appropriate where class representatives "were required to review documents" and "they will earn little for their efforts without [] incentive payments").

**D.     Conclusion**

15. Based on the foregoing findings and analysis, the Court awards Class Counsel $9,500,000 in attorneys' fees; awards Class Counsel costs and expenses in the amount of $56,835.50; awards Sean Wilson an incentive award of $5,000; and awards David Taylor, Cathy Burdick, and Jesse Thibert incentive awards of $1,000 each.

//

//

1  **IT IS SO ORDERED.**

2

3  Dated this 11th day of February, 2021.

4

5  *[signature]*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27